UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                         No. 01-4433

ANDREW SCOTT ROCKWELL,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-00-18)

Submitted: May 13, 2002

Decided: May 31, 2002

Before WIDENER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Brian Craig Manford, LAW OFFICE OF BRIAN CRAIG MAN-
FORD, Martinsburg, West Virginia, for Appellant. Thomas E. John-
ston, United States Attorney, Thomas O. Mucklow, Assistant United
States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Andrew Scott Rockwell appeals his convictions and sentence for conspiracy to possess with intent to distribute heroin and distribution of heroin, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2001). For the reasons set forth below, we affirm.

First, Rockwell contends that the district court erred in determining the amount of heroin for which he could be held accountable. Considering the trial testimony of Leon Yancey, the testimony of other witnesses, and the presentence report attributing certain relevant conduct to Rockwell, we conclude that the district court did not clearly err in determining the amount of heroin for which Rockwell could be held accountable. *See United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999) (stating that this court reviews the district court's determination of the drug amount attributable to the defendant for clear error).

Next, Rockwell asserts that the district court erred in denying his motions for judgment of acquittal made pursuant to Federal Rule of Criminal Procedure 29. Kimberly Wilt, Christine Arvin, Mark Arvin, Clyde Morris, Jr., Wade Hensler, Yancey, J. R. Skelly, and Christopher Ashton testified as to Rockwell's heroin purchases and distribution of heroin to them and to others. It was within the sole province of the jury to assess the credibility of these witnesses, *see United States v. Lowe*, 65 F.3d 1137, 1142 (4th Cir. 1995), and the jury was made aware through direct and cross examinations of the witnesses' prior criminal records, plea and cooperation agreements, hopes for some future benefit, and histories of substance abuse. Additionally, the testimony of troopers who conducted visual and auditory surveillance corroborated Rockwell's sale to Wilt of six packets of heroin on October 2, 1998, at the Arvins' residence. Accordingly, we find substantial evidence supports the jury's convictions of Rockwell of conspiracy to distribute and distribution of heroin, and the district court did not err in denying Rockwell's motions for judgment of acquittal. *See United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

Rockwell next contends that the district court improperly admonished Mark Arvin to testify truthfully, which had a chilling effect on

his testimony and deprived Rockwell of a fair trial. During direct examination, Arvin expressed poor recollection of events involving himself, Rockwell, and Wilt. This prompted the district court, during a break outside the presence of the jury, to urge Arvin "to tell the truth," be "up front," and state when he could not remember. (J.A. at 235.) We find the district court's comments simply fulfilled its obligation to control the interrogation of witnesses and presentation of evidence so as to promote the ascertainment of truth and that the comments were neither improper nor prejudicial. *See* Fed. R. Evid. 611(a), 614(b); *Milanovich v. United States*, 275 F.2d 716, 721 (4th Cir. 1960), *aff'd in part and rev'd in part on other grounds*, 365 U.S. 551 (1961).

Next, Rockwell contends that the district court committed prejudicial error by not taking judicial notice of the fact that Trooper J. L. Hudson was unavailable because she planned to invoke her Fifth Amendment right against self-incrimination if called to testify.* The district court permitted Rockwell to introduce Trooper Hudson's statement as an unavailable witness, but it declined to advise the jury the reason for her unavailability was her invocation of her Fifth Amendment right. Because the balancing required by Federal Rule of Evidence 403 indicates that the potential prejudice substantially outweighs the probative value of the evidence, we hold that the district court did not abuse its discretion in excluding the evidence. *See* Fed. R. Evid. 201 403, *United States v. Hassan El*, 5 F.3d 726, 731 (4th Cir. 1993).

Finally, we conclude that the district court did not abuse its discretion in excluding from evidence as irrelevant portions of an FBI report of a chemist, Todd McDaniel. The excluded evidence consisted primarily of statements by McDaniel detailing misconduct that took place during work hours in the West Virginia Crime Laboratory. As

---

*Because the West Virginia State Police Laboratory was temporarily closed following an investigation by the FBI for inconsistencies in reporting and drug analyses, the Government had the controlled substances at issue retested by another laboratory. Trooper Hudson was the forensic chemist who originally analyzed the drugs in question at the West Virginia State Police Laboratory.

the district court concluded, any probative value of the excluded evidence was outweighed by its prejudicial impact.

We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm Rockwell's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*